UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LILLIAN FIGUEROA,                              :

                          Plaintiff,       :         06 Civ. 5364   (PAC) (KNF)

     - against -                               :         OPINION & ORDER

RIVERBAY CORPORATION, ET AL                    :

                         Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 2 2 2006

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Lillian Figueroa ("Figueroa") brings this action against defendant Riverbay Corporation ("Riverbay"),[1] alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., illegal discharge, and failure by her union to fulfill the duty of fair representation it owed to her. Plaintiff alleges that a member of Riverbay's Board of Directors retaliated against her for engaging in protected activity, that she was wrongfully discharged "for political reasons," and that her union failed to represent her in an informal administrative hearing, as it was required to do under the relevant union contract. Defendant moves to dismiss the complaint for failure to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6).

This case was referred to United States Magistrate Judge Kevin N. Fox, who issued his Report and Recommendation ("R&R") on December 6, 2006, recommending that Defendant's motion be granted. The Magistrate Judge provided ten days for written objections, pursuant to Federal Rule of Civil Procedure 72(b), and specifically advised that the failure to file objections "will

---

[1] The Court agrees with Magistrate Judge Fox's determination that Riverbay is the only proper Defendant in this matter for the reasons given in the R&R.

1

result in a waiver of objections and will preclude appellate review." (R&R 10). No objections have been filed.

## DISCUSSION

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court finds no clear error in Magistrate Judge Fox's determinations that Plaintiff's Title VII claim fails due to her failure to exhaust her administrative remedies, that Plaintiff's illegal discharge allegation does not state a claim upon which relief can be granted, and that a cause of action for failure to represent could only lie against her union, and not against Riverbay.[2] Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion, and Defendant's motion to dismiss is GRANTED.

Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith. Figueroa did not file objections to the Report and Recommendation, as she was required to do in order to preserve her right to appeal.

The Clerk of the Court is directed to enter an Order closing this case.

Dated:   New York, New York
         December 22, 2006

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

---

[2] In addition, the Court finds no clear error in Magistrate Judge Fox's determination that were the Title VII claim not defeated by Plaintiff's failure to exhaust her administrative remedies, Plaintiff's supposed failure to establish a prima facie case of retaliation would not be adequate grounds for dismissal on a Rule 12(b)(6) motion.

2